# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
           Plaintiff,

v.

TOU LEE XIONG, BLIA LOR, CHER YANG,
GWEN A. BIERSTEKER and MENG XIONG,
           Defendant(s).

**PRETRIAL ORDER**

Case No. 18-CR-210

In accordance with the Federal Rules of Criminal Procedure and the Criminal Local Rules for the United States District Court for the Eastern District of Wisconsin, IT IS ORDERED that as part of the pretrial proceedings in this case the parties shall comply with the following motion practice:

1. All motions, together with supporting documents shall be filed by **May 1, 2019**; opposing memorandum shall be filed by **June 17, 2019**; and any reply shall be filed by **July 15, 2019.**

    a. Each motion shall be filed separately, although the moving party may file one memorandum in support of multiple motions.
    b. The length of any legal memorandum shall be in accordance with Civil L.R. 7(f).
    c. Any discovery motion under Fed. R. Crim. P. 16(a) or 16(b) must be accompanied by the statement required by Criminal L.R. 16(b).
    d. No motions to adopt or join in a motion of a co-defendant will be permitted without prior approval of the court for good cause shown.

2. a. If either party files a motion seeking an evidentiary hearing, Criminal L.R. 12(c) applies and the movant is not required to file a supporting memorandum of law with the motion (*See* Criminal L.R. 12(b)(5)).
   b. If a motion seeks an evidentiary hearing, the movant shall provide in the motion:
      1) a short, plain statement of the principal legal issue or issues at stake and specific grounds for relief in the motion;
      2) after a conference with the non-moving party, a description of the material disputed facts that the movant claims require an evidentiary hearing; and
      3) an estimate of the in-court time necessary for the hearing.
   c. The non-moving party may file a response opposing an evidentiary hearing within 3 days after filing of a movant's motion seeking an evidentiary hearing. The non-movant's response shall include a short, plain statement of why that party believes that an evidentiary hearing is unnecessary (*See* Criminal L.R. 12(c)).

3. All motions pertaining to bail (e.g. motions for reduction of bail, modifications of conditions of release, and reconsideration of detention orders) shall be addressed to the magistrate judge who set bail or issued the order of detention. A copy of the motion and proposed order shall be delivered to the applicable magistrate judge at the following email address:

        William E. Duffin        DuffinPO@wied.uscourts.gov
        David E. Jones          JonesPO@wied.uscourts.gov
        Nancy Joseph         JosephPO@wied.uscourts.gov
        James R. Sickel        wied_clerks_gb@wied.uscourts.gov

Dated: March 1, 2019

                                          s/ David E. Jones
                                          United States Magistrate Judge